

| | THE CITY OF NEW YORK | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Andrew J. Rauchberg**<br>phone: 212-356-0891<br>email: arauchbe@law.nyc.gov |

August 4, 2021

> The motion to adjourn the conference is DENIED.  At the conference, the parties should be prepared to discuss the planned motion to dismiss and a schedule for it as well as the defendants' request for a stay.  Defendants shall make arrangements for Plaintiff to be available for the telephonic conference. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff. SO ORDERED. 8/4/2021
>
> SO ORDERED.
> *[signature]*
> LEWIS J. LIMAN
> United States District Judge

**BY ECF**

Honorable Lewis J. Liman
United Stated District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Mirzo Atadzhanov v. New York City Department of Correction, et al,*
            21-CV-5098 (LJL)(RWL)

Dear Judge Liman:

      I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York in the above-referenced action, in which the plaintiff *pro se*, Mirzo Atadzhanov, alleges his constitutional rights were violated while he was in the custody of the New York City Department of Correction because he allegedly was not provided with pureed food, or was allegedly provided with pureed food that was undated.  I write regarding the initial pretrial conference currently scheduled for August 9, 2021 (Dkt. No. 8), the prospect of discovery, and the proposed case management plan that was filed by Plaintiff on August 3, 2021.

      On July 19, 2021, the Court issued a Notice of Pretrial Conference and Order, scheduling an initial pretrial conference for August 9, 2021, and Ordering any Defendant intending to move to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure to file a one sentence letter indicating the Defendant's intent to make a motion to dismiss.  (*See* Dkt. No. 8.)  In accordance with that Order, on August 2, 2021, Defendant City of New York served and filed a letter to the Court indicating its intent to serve and file a motion to dismiss.  (*See* Dkt. No. 11.)

      Also on August 2, 2021, and pursuant to the Court's Order dated July 6, 2021, the City filed an executed waiver of summons, by which the City's response to the Complaint is now due by October 1, 2021.  Also pursuant to the Court's July 6, 2021 Order, this Office has written

to Plaintiff for information pertaining to the John/Jane Doe Defendants.  We hope to be able to identify these individuals by September 6, 2021, as the Court has Ordered, after which we will endeavor to enter into representation agreements with them.  Ultimately, we hope to submit a single response on behalf of all the Defendants we represent.

In light of our intent to move to dismiss the Complaint, the City believes dates for discovery should be set only if the contemplated motion is denied in whole or in part.  Accordingly, the City respectfully requests that discovery be stayed, for now, and respectfully proposes that discovery begin after the City, and the other Defendants represented by this Office, have answered the Complaint (after their motion is denied in whole or in part).  Because Plaintiff is presently incarcerated, and is proceeding *pro se*, we have not been able to discuss this with him.  Similarly, the proposed plan submitted by Plaintiff, filed on August 3, 2021, was not discussed with this office, but was prepared and submitted unilaterally.  To the extent that plan indicates that the parties have conferred and have agreed to proceed before the assigned Magistrate, that is not the case.

Based on the foregoing, the City also respectfully requests that the conference scheduled for Monday, August 9, 2021, be adjourned and rescheduled on a date convenient for the Court after Defendants' motion is decided (and again, only if the motion is denied in whole or in part).  This is the City's first request to adjourn this conference, and again, we have not been able to discuss this with Plaintiff or obtain his consent.[1]  If the Court prefers, we are of course prepared to discuss all of this at the conference.[2]

Thank you for your consideration of this matter.

Respectfully submitted,

_____s/_____
Andrew J. Rauchberg
Assistant Corporation Counsel

Min Kyung Cho
Assistant Corporation Counsel

cc:   Mirzo Atadzhanov
      Plaintiff *pro se*
      North Infirmary Command
      15-00 Hazen Street
      New York, New York  11370
      (by regular mail)

---

[1] My colleague, Min Kyung Cho, wrote Plaintiff a letter dated July 30, 2021, to obtain his consent to this request, but he has not yet been able to respond.

[2] If the conference proceeds, and if discovery is to proceed in the near-term, the City (or the parties jointly) can submit a proposed case management plan consistent with the schedule discussed at the conference.