UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                     :

MIRZO ATADZHANOV,                      :

                    Plaintiff,        :

                                  :          21-cv-5098 (LJL)

       -v-                        :

                                  :           <u>ORDER</u>

CITY OF NEW YORK, et al.,          :

                                  :

                 Defendants.      :

                                  :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _10/07/2022_

**LEWIS J. LIMAN, United States District Judge:**

On September 19, 2022, the Court issued an opinion and order granting in part and denying in part the City of New York and eight correctional officers' ("Defendants") motion to dismiss the amended complaint of Mirzo Atadzhanov ("Plaintiff"). Dkt. No. 64. The Court granted the motion to dismiss as to Plaintiff's claims of municipal liability and due process based on the prison grievance procedure, but denied the motion as to Plaintiff's claim of unconstitutional conditions of confinement. Dkt. No. 64 at 1–2. The Court dismissed the *Monell* claim without prejudice to renewal if Plaintiff chooses to replead that claim with further facts establishing its basis. *Id*. at 26–27. On October 3, 2022, Defendants filed an answer responding to Plaintiffs' amended complaint. Dkt. No. 65. On October 4, 2022, Plaintiff filed a letter requesting the appointment of counsel. Dkt. No. 66.

For the following reasons, Plaintiffs' motion is GRANTED in part.

The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id*. Even if a court does believe that a litigant should have a free lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to

proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Plaintiff has met these factors. The Court previously granted Plaintiff's *in forma pauperis* request to proceed in his prisoner case, demonstrating that he is indigent. Dkt. No. 4. The Court has denied Defendants' motion to dismiss on Plaintiff's unconstitutional conditions of confinement claim, and now deems that that claim "seems likely to be of substance," at least at this stage of the proceedings. *Hodge*, 802 F.2d at 61. Proving such allegations will require Plaintiff to take discovery, including perhaps the deposition of the officer Defendants involved. Thus, to develop certain evidence that will be "major proof presented to the fact finder," Plaintiff will likely "need cross-examination." *Id.* at 61–62. As an "indigent prisoner," Plaintiff is likely "unable to conduct the investigation," which "militate[s] toward appointing counsel." *Id.* At the same time, however, at this early stage and before any discovery is taken, the Court cannot deem that the case is sufficiently of substance to request the appointment of counsel through trial.

For the foregoing reasons, the Clerk of Court is respectfully directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purposes of conducting discovery in this action. In addition, pro bono counsel may, should counsel be so advised, engage in settlement discussions. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel. At this time, pro bono counsel will not be obligated for any aspect of plaintiff's representation beyond these purposes.

In particular, pro bono counsel will not be required to respond to a dispositive motion. In the event that Defendants file a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of discovery. Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to plaintiff or to the Court in this matter.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of

certain out-of-pocket expenses spent in furtherance of plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff.  If an attorney volunteers, the attorney will contact Plaintiff directly to determine if each party (Plaintiff and counsel) desire to go forward with the representation.  There is no requirement on the part of Plaintiff to retain the counsel who has volunteered.  By the same token, however, there is no guarantee that a volunteer attorney will decide to take the case even if an attorney agrees to contact Plaintiff for the purpose of discussing potential representation and plaintiff should be prepared to proceed with the case without an attorney.

An initial conference will be held telephonically on January 10, 2023 at 11:00 a.m.  That extended date is set in order to afford the Clerk of Court enough time to locate counsel and for that counsel to consult with Plaintiff and to have sufficient time to consider the discovery it will need to conduct a Rule 16 conference with Defendant's counsel.  The parties should call into the Court's dedicated conference line at (888) 251-2909 and enter Access Code 2123101.

SO ORDERED.

Dated: October 7, 2022          _____
New York, New York                      LEWIS J. LIMAN
                                    United States District Judge